Decided 6 January; rehearing denied 10 May, 1902.

### STITT v. POLICE BOARD.
### MURRAY v. POLICE BOARD.
### WALLER v. POLICE BOARD.

Appeal from Multnomah County.

These cases, brought by W. O. Stitt, Patrick Murray, and Mose Waller, respectively, are companion cases to *Venable* v. *Police Commissioners,* 40 Or. 458 (67 Pac. 203), and were decided on the authority of that case, briefs and arguments being waived.     REVERSED.

Argued 28 January; decided 17 February, 1902.

### HINDMAN v. HINDMAN.

[67 Pac. 1134.]

From Linn: REUBEN P. BOISE, Judge.

*Mr. J. K. Weatherford,* for appellant.

*Messrs. J. N. Duncan* and *W. R. Bilyeu,* for respondent.

PER CURIAM. This is a suit by Fannie E. Hindman against S. M. W. Hindman for a divorce on the ground of cruel and inhuman treatment. No questions of law are involved in the case. An examination of the record has satisfied us that the decree in favor of plaintiff should be affirmed, and it is so ordered.     AFFIRMED.

Decided 7 April, 1902.

### KRAUSE v. MUELLER.

From Clackamas: THOS. A. McBRIDE, Judge.

Suit by Frank and Kate Krause against Antone, Theresia and John Mueller to remove a cloud from the title to real property, resulting in a decree for plaintiffs, from which this appeal is taken.     DISMISSED.

*Messrs. Adolph Schultz, H. B. Nicholas* and *Newton McCoy,* for Antone and Theresia Mueller.

*Messrs. Edw. & A. R. Mendenhall,* for John Mueller.

*Messrs. Snow & McCamant,* for Frank and Kate Krause.

The appeal herein was dismissed for failure to perfect it in time and for failure to file the abstract of record required by the rules of court.    DISMISSED.

Argued 27 March; decided 21 April, 1902; rehearing denied.

## PACIFIC BUILDING CO. *v.* SPURRIER.

[68 Pac. 1135.]

From Multnomah: JOHN B. CLELAND, Judge.

*Messrs G. W. Allen* and *G. W. Baker,* for respondent.

*Messrs. Dell Stuart, Wm. Reed,* and *R. Stott,* for appellants.

PER CURIAM. This is a suit to foreclose a mortgage executed and delivered by Augusta M. Spurrier and husband to the plaintiff, a California building and loan corporation, to secure a loan. In a suit by the same plaintiff against Hill, reported in 40 Or. 280 (67 Pac. 103), it was held that the contract which was on all fours with that sought to be enforced in this suit, was usurious under the laws of this state, and, within the doctrine of the Stanley and Houston cases (38 Or. 319 and 377), all payments made thereon should go in extinguishment of the loan.

This conclusion is decisive of this case, and the decree of the court below will therefore be reversed, and one entered here accordingly.    REVERSED.